UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-80492-CIV-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,
v.

PAUL JEAN, individually
and doing business as
WHIZ TAX, LLC, and REJOICE
SERVICES & TAX, INC.,

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO STRIKE ANSWER

**THIS CAUSE** is before the Court upon the United States' Motion to Strike Answer and Application for Entry of Default [DE 22] filed on January 8, 2016, and Motion to Extend Summary Judgment Deadline [DE 23] filed on February 2, 2016.  The Court has carefully considered the motions and is otherwise fully advised in the premises.  Defendant Paul Jean has not responded to either motion and the time for doing so has expired.

### Background

On October 21, 2015, the United States filed a motion to compel defendant Paul Jean to serve initial disclosures and respond to discovery requests.  DE 17.  Shortly afterward, the Court granted the United States' motion and ordered the defendant to serve his initial disclosures and respond to the discovery requests at issue on or before November 12, 2015.  DE 19.  The United States provided Mr. Jean

with a copy of the order and an additional copy of the discovery requests by e-mail on November 4, but defendant failed to serve either his initial disclosures or discovery responses.  On November 9, counsel for the government then conferred with defendant by telephone regarding the Court's order and his discovery obligations.  At that time, Mr. Jean asked the United States to send him documents that would allow him to stipulate to a permanent injunction.  Counsel for the United States sent the proposed documents on November 10, but the defendant has not responded or provided any additional communication.

## Discussion

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), a Court may award sanctions when "a party, after being properly served with interrogatories under Rule 33 ... fails to serve its answers, objections, or written response."  The type of sanctions available include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[1]  Under Rule 37(b)(2)(A)(iii) and (vi), the Court may strike a pleading and render a default judgment against the disobedient party.  While the Rule gives the Court broad discretion to fashion appropriate remedies, the severe sanctions sought by the government require a finding of willful or bad faith failure to comply with discovery

---

[1] Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

requests as well as a finding that lesser sanctions are insufficient to deter the complained of conduct.  *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Rasmussen v. Central Florida Council Boy Scouts of America, Inc.*, 412 F.App'x 230, 232 (11th Cir. 2011).  Further, striking pleadings and entering default judgment is not an appropriate discovery sanction in "the absence of either a motion to compel ... or an order of the court compelling discovery."  *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1318 (11th Cir. 1997).  As stated above, a motion to compel was granted in this matter.

While courts have noted that "the severe sanction of dismiss or default judgment is appropriate only as a last resort," *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citing *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)), such sanctions are warranted here where Mr. Jean has willfully failed to respond to discovery, even though ordered by the Court to do so.  Moreover, Mr. Jean clearly expressed his desire to abandon his defense of this case in his most recent discussion with the United States.  In view of Mr. Jean's willful, intentional and contemptuous conduct, no lesser sanction would suffice.

Accordingly, the United States' request that the defendant's Answer be stricken and that default be entered against him by the clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure **[DE 22] is granted.  The Clerk is directed to strike defendant's Answers at DE 8 and 9 and enter a Clerk's default against Paul Jean**.  The United States has 60 days from the date of this Order to move for a

default judgment and entry of permanent injunction. As to the government's request that the summary judgment deadline be extended to a date to be set after the final resolution of the currently pending Motion to Strike Answer and application for entry of default, that motion is **denied as moot [DE 23]**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of February, 2016.

_____
KENNETH A. MARRA
United States District Judge